**Ed DILLS, D/B/A Mid-Georgia Sign & Supply Co., Plaintiff,**

v.

**COBB COUNTY, GEORGIA, & Cobb County Board of Commissioners, Defendant.**

**GEORGIA CORPORATION OF ALABAMA, INC., D/B/A Signs, Inc. and Mitch's Enterprises, Inc., Plaintiff,**

v.

**COBB COUNTY, GEORGIA, Defendant.**

**Nos. C83–1837A, C84–0324A.**

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 17, 1984.

Charles W. Field, Atlanta, Ga., for plaintiff Ed Dills d/b/a Mid-Ga. Sign & Supply Co.

Randall A. Constantine, Lamon, Elrod & Harkleroad, P.C., Atlanta, Ga., for plaintiff Georgia Corp. of Alabama, Inc., d/b/a Signs, Inc.

Joseph A. Fawal, Fawal & Spina, Birmingham, Ala., for plaintiff Mitch's Enterprises, Inc.

Irma B. Glover and David P. Hartin, Marietta, Ga., for defendants Cobb County, Ga. and Cobb County Bd. of Com'rs.

## ORDER OF COURT

MOYE, Chief Judge.

The above-styled actions are before the court on the plaintiffs' motions for preliminary injunctions. As preliminary matters, because both plaintiffs are challenging the same statute on similar grounds, the Court hereby consolidates these cases under Fed. R.Civ.P. 42(a). Also, the parties have agreed that this Court will consolidate the preliminary injunction motions with the final hearings on the merits.

### Factual Background

The plaintiffs[1] in this action are attempting to enjoin defendant Cobb County from enforcing a portion of its sign ordinance which requires portable signs to be set back from the building setback line. Section 10E of the Ordinance provides the following in pertinent part:

E. *Portable Displays or Signs:*

No portable display or temporary sign shall be located or allowed between the building setback line and the road right-of-way and must be located within the buildable area of the lot . . . .

Section 5U of the Ordinance defines a portable sign as follows:

Any sign not permanently affixed to the ground or which is mounted or designed to be mounted on a trailer-type frame or portable wood or metal frame or any sign intended by either the sign owner or property owner to be a temporary sign.

The Sign Ordinance also contains restrictions on the number of permanent signs that can be placed on property and numerous other restrictions relating to the type of signs that can be used.

The plaintiffs in this action are only challenging the ordinance insofar as it regulates the location of portable signs. The plaintiffs claim that the ordinance makes it impossible to effectively use these signs because their placement behind the building setback line would make them very difficult, if not impossible, to see. The plaintiffs also contend that stores located in shopping centers would have to place portable signs in the parking lots of their stores in order to comply with the Ordinance and that such a placement would effectively negate the benefits of using portable signs. The plaintiffs claim that the Ordinance violates the First Amendment to the United States Constitution; the Equal Protection Clause; and the Due Process Clause. Cobb County argues that the Ordinance is a valid exercise of its police power. It claims that it has an interest in traffic safety and in aesthetic considerations and that the Ordinance furthers those interests. And, Cobb County contends that the Ordinance is part of a comprehensive plan to clean up Cobb County and that because there is no complete ban on portable signs, the plaintiffs' rights have not been abridged.[2]

### Discussion

At the outset, it is important to emphasize that the Ordinance regulating the placement of portable signs is a content-neutral prohibition. The Ordinance regu-

1. The plaintiffs are two corporations engaged in the business of making portable signs.

2. This Court had previously restrained the enforcement of a Cobb County Resolution regulating temporary signs on August 31, 1983. The Resolution at issue in this case was enacted on December 27, 1983. The plaintiffs' allegation that the County has deliberately tried in bad faith to "evade previous judicial pronouncements on the limitations of governmental interference with honest advertising" is not supported by any evidence and therefore without merit.

lates expression of both commercial and non-commercial speech. It is undisputed that portable signs are sometimes used in Cobb County for political and social purposes as well as for economic purposes. Therefore, this Court need not concern itself with any issues of distinction between commercial and non-commercial speech. *See Signs, Inc. of Florida v. Orange County,* 592 F.Supp. 693 (D.C.Fla.1983). The present case simply presents a content-neutral regulation of a specific form of communication: the portable sign.

The Supreme Court recently enunciated the appropriate standard to use when reviewing a content-neutral regulation of expression. In *Members of the City Council of the City of Los Angeles v. Taxpayers for Vincent,* —— U.S. ——, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984), the Court refused to invalidate a Los Angeles ordinance that barred all signs on public property. The Court stated the following:

> [A] government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction or alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.

*Id.* at ——, 104 S.Ct. at 2129, *citing United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968).

It is undisputed that traffic safety and aesthetics are substantial governmental interests and that these interests are unrelated to the suppression of ideas. Therefore, the critical inquiries in this case are whether the regulations further these interests and whether the effects of the Ordinance are no greater than necessary to accomplish the County's purposes.

### 1. *Traffic Safety*

The County argues that there are legitimate safety concerns which justify the restrictions on portable signs. The County claims that these signs often blow over or roll into the street causing hazards and that the signs are distracting to motorists. Although these concerns constitute substantial government interests, the County has presented no real evidence that portable signs are any more dangerous than permanent signs. The County has not pointed to a single accident or a single injury that has occurred in Cobb County because of a portable sign.[3] The evidence presented by the County on this point consists mainly of affidavits by police officers who stated that in their opinion portable signs caused safety problems. One of these police officers, Mr. Stephens, contradicted much of his affidavit testimony in a sworn deposition. In that deposition, Mr. Stephens admitted that there was no relationship between the goals of traffic safety and the placing of portable signs behind the building setback line. Stephens Depo. at 39. This conclusion is supported by the fact that the setback lines vary from building to building and that these lines were adopted long before this sign ordinance went into effect. In addition, the plaintiffs have presented the affidavit of Bill Lloyd, a former zoning officer and sign inspector for DeKalb County, who testified that portable signs do not constitute safety hazards. Lloyd Affidavit at ¶ 7. In reaching this conclusion, Mr. Lloyd relied upon the manner of construction of portable signs; their resistance to wind; and their proximity to the ground. *Id.* at ¶ 10. In fact, Mr. Lloyd stated that portable signs placed behind the building setback line would be more dangerous than signs located close to the roadway because motorists would have to divert their eyesight and attention further away from the road in order to see the sign. *Id.* at ¶ 7.

---

**3.** Although tangible evidence may not be required in all cases, the lack of any such evidence in this case significantly weakens the County's contention that portable signs cause traffic problems.

■ This Court finds that Cobb County has not shown that its ordinance furthers the substantial government interest of traffic safety. It has presented no evidence to this Court that portable signs have ever caused any serious safety problems. As one court has previously noted with regard to a sign law, "(a) precious right guaranteed by the Constitution should not be abridged without a showing by the governmental authority that the restriction is, in fact, well founded." *Signs, Inc. of Florida, supra,* at 696. Accordingly, this Court holds that the Cobb County sign ordinance cannot be constitutionally justified on the grounds that it promotes traffic safety.

### 2. *Aesthetics*

The Cobb County Ordinance defines portable signs as follows:

Any sign not permanently affixed to the ground or which is mounted or designated to be mounted on a trailer-type frame or portable wood or metal frame or any sign intended by either the sign owner or property owner to be a temporary sign.

And, the Ordinance defines temporary signs as follows:

Any sign not intended by sign owner [sic] or property owner to be a permanent sign, or a sign described under portable display.

The Ordinance requires all portable and temporary signs to be placed behind the building setback line and within the buildable area of the lot. The plaintiffs have submitted overwhelming evidence that this ordinance effectively amounts to a complete prohibition on the use of portable signs. This evidence shows that almost all of the users of portable signs in Cobb County are businesses located in shopping centers or business where the building itself sits no farther back from the road right of way than the building setback line. In the first instance, the sign would have to be placed in the middle of the shopping center where it would interfere with a parking space and might be in violation of Section F, ¶ K of the Ordinance.[4] Also, the owners of these shopping centers may not want portable signs reducing the number of available parking spaces. In the second instance, the placing of a sign behind the building setback line would in about every circumstance make such a sign especially difficult to see from the roadway. Based on the overall record, this Court finds that the Cobb County Sign Ordinance effectively amounts to an overall ban on the use of portable signs.[5] *See* Affidavits of Bill Lloyd; Ed Dills; and Tom Granger.

■ In the *City Council* case, *supra,* the Supreme Court emphasized that communities have a strong interest in preserving its aesthetics interests. The Court upheld a statute that prohibits the posting of all signs on public property. The Court stated the following:

The problem addressed by this Ordinance—the visual assault on the citizens of Los Angeles presented by an accumulation of signs posted on public property—constitutes a significant substantive evil within the City's power to prohibit. The City's interest in attempting to preserve [or ignore] the quality of urban life is one that must be accorded high respect. *City Council* — U.S. at —, 104 S.Ct. at 2130 (emphasis added).

The Court in *City Council* did not, however, address the question of what kind of proof the city must offer to support its position that the law furthers the city's aesthetic interests. Justice Brennan, dissenting in *City Council,* reaffirmed what he wrote in *Metromedia, Inc. v. San Diego,* 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1980), and stated that:

---

**4.** Section F(K) provides that:

The placement of any sign in a parking space which is required to meet the minimum parking requirements of the county shall be prohibited.

**5.** The County has not presented any significant evidence to show that the Ordinance does not amount to a total ban on portable signs. The only evidence presented by the County on this point are bold allegations in the form of statements in affidavits without supporting facts. *E.g.,* McLemore Affidavit at 17.

My suggestion in *Metromedia* was that the courts should exercise special care in addressing these questions when a purely aesthetic objective is asserted to justify a restriction of speech .... I adhere to that view. Its correctness—premised largely on my concern that aesthetic interests are easy for a city to assert and difficult for a court to evaluate—is forever reaffirmed by this case.

This Court finds that the "mere incantation of aesthetics as a proper state purpose" does not meet the requirements of the First Amendment and that the County must present some evidence that aesthetic interests are furthered by the statute and that the statute is narrowly drawn to meet those interests.[6] *See Dills v. City of Marietta*, 674 F.2d 1377 (11th Cir.1982).

Another district court has addressed almost the identical issue facing this Court. In *Signs, Inc. of Florida v. Orange County, Florida*, 592 F.Supp. 693, two sign companies challenged an Orange County resolution banning all temporary signs. The County asserted that the proliferation of temporary signs was a significant problem that the County had the power to address. The Court agreed with the County but held that the challenged Ordinance did not further the County's aesthetic interests. The Court also held that the statute was not narrowly drawn because it's distinction between portable and permanent signs had little relation to aesthetics. The Court stated the following:

"Also requiring comment is the County's failure to establish exactly what it is about the portable signs that makes them any more obnoxious than permanent signs. Assuming that a portable sign otherwise qualifies under the County's restrictions, the record before the Court reveals that a portable sign may become a permanent sign with little alteration. Does the removal of the trailering device upon which the portable sign rests suddenly render it aesthetically acceptable in the County's eyes? Such a question of aesthetics is, of course, for the County to answer. But it is important in this analysis because an affirmative answer ... reveals the existence of alternative means of achieving the County's goals ...."

*Id.* at 697–698.

█ The Cobb County Ordinance suffers from many of the same flaws that were present in *Signs, Inc.* First, the County has presented no evidence to this Court that would indicate that portable signs are any more displeasing to the eye than permanent signs. This paucity of evidence is exemplified by the testimony of Cobb County Commissioner Barbara Williams who was a primary drafter of the Ordinance. When asked why the County thought that portable signs were ugly or offensive, Ms. Williams responded as follows:

Ugly is subjective .... I may like it you may not. I've seen them and I think they're [portable signs] ugly .... Ugly and pretty is a subjective judgment of which I am perfectly free to make, and I found, and I still find, signage as it existed in Cobb County ugly.

Williams Deposition, p. 18.

The point of quoting Ms. Williams' testimony is to emphasize that the County has presented no evidence from which a rational finder of fact could conclude that there is an inherent aesthetic difference between portable signs and permanent signs. Although this Court cannot second guess a County's aesthetic judgment once it is rationally made, this Court must examine the *relationship* between that judgment and the end it is trying to serve. In the present case, the same offensive sign, no matter how displeasing to the eye, will be allowed if it is permanently affixed to the ground but prohibited if it is temporarily affixed to the ground. This Court finds that on the

---

**6.** This Court's inquiry is limited to whether the County's Statute is not facially unreasonable in light of the County's aesthetic goals. Thus, empirical evidence to support the statute is not necessarily required.

present record, this classification which is devoid of any rationality, cannot stand.

There is a second, more serious problem with the Cobb County Ordinance. The definition of a portable sign includes the following statement: "or any sign intended by either the sign owner or property owner to be a temporary sign." The import of this definition is that even a sign that is steadfastly attached to the ground will have to be placed behind the building setback line if the owner of the sign has plans to move it at any time in the future. This Court sees no rational distinction in terms of aesthetics between two signs that are identical in every way except that the owner of one sign considers it temporary and the owner of the other sign considers it permanent. The vagueness of the definition also causes serious constitutional problems. For example, how will Cobb County ascertain the intent of the individual sign owners? And, more importantly, because there is no adequate definition of "temporary" in the statute, how will sign owners know which of their signs are permanent and which are portable. These problems illustrate that Cobb County's Ordinance is not narrowly drawn to further the County's interests.

In sum, this Court finds that the portion of the Cobb County Ordinance that relates to portable signs does not further the County's substantial governmental interests in either traffic safety or aesthetics. The County has produced no evidence that portable signs have ever caused any safety problems in Cobb County. The plaintiffs, on the other hand, have convinced this Court that the placing of portable signs behind the building setback line, assuming sign owners would use these signs at all, would actually be less safe than signs placed near the roadway. In addition, the County's alleged aesthetic interests are not

materially aided by the portable sign regulations because the same offensive sign regulated by the statute will not be covered by the statute if it is permanently affixed to the ground. And, more importantly, the statute is not narrowly drawn to serve the County's interest. If the County is concerned about the proliferation of portable signs, it could limit the number of portable signs per square foot of property rather than adopt a statute that effectively precludes their use entirely. Also, the definition of portable signs is too vague to be constitutional because it could neither be enforced nor followed with any precision. Accordingly, this Court finds that the portion of the Cobb County Ordinance as it relates to portable signs is unconstitutional as an abridgement of the right to free speech guaranteed by the First Amendment. The plaintiffs' motion for a permanent injunction against the enforcement of the portable sign part of the Ordinance is hereby GRANTED.[7]

---

**7.** This Court finds that the plaintiffs have shown that they can satisfy the other prerequisites for injunctive relief. If the injunction is not issued, they will suffer irreparable injury because their businesses will be severely hurt. And, the public interest is clearly served by the granting of this injunction. Because this Court finds the statute unconstitutional under the First Amendment, it need not address the plaintiffs' other claims. This Court finds that there is no just reason to delay the entering of the judgment and therefore it should constitute a final judgment under Fed.R.Civ.P. 54(b).