**Ed DILLS d/b/a Mid-Ga. Sign & Supply Co., et al., Plaintiffs-Appellees,**

v.

**COBB COUNTY, GEORGIA, et al., Defendants-Appellants.**

No. 84–8759

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 22, 1985.

David P. Hartin, Marietta, Ga., for defendants-appellants.

Charles W. Field, Atlanta, Ga., for Dills.

Thomas J. Gallo, Atlanta, Ga., for Georgia Corp., etc.

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

Plaintiff-appellee Ed Dills d/b/a Mid-Ga. Sign & Supply Co. brought this action in the United States District Court for the Northern District of Georgia, challenging the constitutionality of the Cobb County, Georgia, sign ordinance as that ordinance was in effect on August 31, 1983.[1] The district court entered a temporary restraining order enjoining the County from enforcing the ordinance. Subsequently on December 27, 1983, the Cobb County Board of Commissioners passed a new ordinance amending the original ordinance which was the subject of the district court's restraining order. The new ordinance included certain regulations and prohibitions relating to the renting, leasing, operating, or displaying of portable and trailer signs within the unincorporated areas of Cobb County, Georgia. These restrictions included the requirement that "no portable or temporary sign shall be located between the building setback line and any public road right of way." Ordinance § 6D. For all practical purposes the new ordinance required that all portable and trailer signs must be located behind the building setback line. In January 1984, the district court entered a second temporary restraining order and the case was submitted to the district court on the plaintiff's motion for declaratory judgment and injunctive relief.[2] Injunctive and declaratory relief was granted to the plaintiffs-appellees in both cases, the district court finding in favor of the plaintiffs and holding "that the portion

---

1. For prior litigation concerning the predecessor to the sign ordinance now being challenged, see Dills v. City of Marietta, Georgia, 674 F.2d 1377 (11th Cir.1982), cert. denied, 461 U.S. 905, 103 S.Ct. 1873, 76 L.Ed.2d 806 (1983).

2. Before the final submission of this case, plaintiffs-appellees The Georgia Corporation of Alabama, Inc., d/b/a Signs, Inc., and Mitch's Enterprises, Inc., filed their complaint for declaratory judgment and injunctive relief, challenging the constitutionality of the new ordinance. The district court consolidated the two cases.

**1474**

of the Cobb County ordinance as it relates to portable signs is unconstitutional as an abridgment of the right to free speech guaranteed by the First Amendment." 593 F.Supp. 170.

After studying the briefs and record in this case, we agree with the district court that the restrictions in the Cobb County sign ordinance now under scrutiny fail to promote the alleged governmental interest of aesthetics and traffic safety. Hence the County failed to sustain its burden of justifying its attempted restriction and regulation of First Amendment rights.

The judgment of the district court is AFFIRMED.